UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | |
| JOSEPH CONTORINIS, | 09 CR 1083 (RJS) |
| Defendant. | |

# DEFENDANT JOSEPH CONTORINIS'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF INFORMATION THAT NICOS STEPHANOU ALLEGEDLY OBTAINED FROM RAMESH CHAKRAPANI AND PASSED TO MR. CONTORINIS

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
Theodore V. Wells, Jr.
Mark F. Pomerantz
Roberto Finzi
Farrah R. Berse
1285 Avenue of the Americas
New York, New York 10019-6064
T: 212-373-3000

*Attorneys for Defendant Joseph Contorinis*

Pursuant to Federal Rules of Evidence 401, 402 and 403, defendant Joseph Contorinis respectfully submits this memorandum of law in support of his motion *in limine* to preclude the Government from referring to, relying upon, or introducing evidence at trial of information that Nicos Stephanou allegedly obtained from Ramesh Chakrapani and passed to Mr. Contorinis.

## **PRELIMINARY STATEMENT**

The Indictment in this case alleges that Stephanou tipped Mr. Contorinis with inside information misappropriated from UBS, and UBS only. Now, the Government appears to seek to introduce evidence that Stephanou tipped Mr. Contorinis with information obtained from an entirely different source: Specifically, it appears that the Government will seek to introduce evidence that Stephanou tipped Mr. Contorinis with "inside information" obtained from a third party (Ramesh Chakrapani, then employed at Blackstone) entirely unrelated to UBS. That information is not identified—either specifically or generally—in the Indictment as non-public, material information on which Mr. Contorinis is alleged to have traded. Its presentation at trial does not just risk confusing the jury. It risks that Mr. Contorinis will be convicted based on a charge not contained in the Indictment.

## **BACKGROUND**

The Indictment alleges that Messrs. Contorinis and Stephanou "participated in a scheme to defraud by executing securities trades based on material nonpublic information regarding mergers and acquisitions relating to UBS's clients ('UBS Inside Information')." (Indictment, ¶ 9.) Stephanou allegedly provided Mr. Contorinis with UBS Inside Information that Stephanou misappropriated from UBS in violation of a duty of trust and confidence that he owed to his employer and its clients. (*Id.* ¶¶ 9, 15.) The Government has been clear since the time of the Indictment that they do not allege that *anyone* other than Messrs. Contorinis and

Stephanou were involved in this conspiracy. (*See* Berse Decl.[1] Ex. A.)  Mr. Chakrapani is not named—or even referred to—in the Indictment.  Indeed, Mr. Chakrapani has never been indicted in connection with the Albertsons transaction and the SEC has voluntarily dismissed its claims against Mr. Chakrapani. (*See* Opinion and Order, *SEC v. Chakrapani*, No. 09 Civ. 325 (RJS) (S.D.N.Y. June 28, 2010) [Docket No. 75].)

As revealed for the first time in the Government's Bill of Particulars, it now appears that, in addition to the inside information Stephanou misappropriated from UBS, the Government will seek to prove that Stephanou tipped Mr. Contorinis with information derived from an entirely different source.  Thus, the Government apparently will seek to introduce evidence—in the form of testimony and/or documents—that Stephanou obtained information from Mr. Chakrapani that Mr. Chakrapani in turn misappropriated from his own employer (Blackstone), which was advising Albertsons on the deal. (Berse Decl. Ex. D, ¶ 7.[2])

This new and uncharged theory—which first appeared in the Government's Bill of Particulars last month—is confirmed by the exhibit list the Government served last week.  On that list are potential exhibits reflecting certain telephone calls between Stephanou and Mr. Chakrapani. (*See* Gov't Exs. 49-52.)

---

[1]  "Berse Decl." refers to the Declaration of Farrah R. Berse in support of Defendant Joseph Contorinis's Motions *in limine* dated August 27, 2010.

[2]  Paragraph 7 of the Bill of Particulars reads: "In or about early January 2006, Stephanou learned from Ramesh Chakrapani that Blackstone chairman Stephen Schwarzman had contacted the CEO of Albertson's and urged him to complete the transaction. Stephanou advised Contorinis of these facts." Significantly, it appears that Mr. Chakrapani has denied that allegation. Through correspondence with the Government, we have learned that Mr. Chakrapani has personally proffered an account of the events at issue in this case that "differed in material respects from Nicos Stephanou's statements." (Berse Decl. Ex. C.) We

2

## ARGUMENT

### I. EVIDENCE OF INFORMATION THAT STEPHANOU MAY HAVE OBTAINED FROM RAMESH CHAKRAPANI IS NOT RELEVANT TO THE CRIMES CHARGED IN THE INDICTMENT.

The law applicable here is well settled. Irrelevant evidence is not admissible at trial. Fed. R. Evid. 402. Evidence is irrelevant where it has no tendency to make the "existence of any fact that is of consequence to the determination" of the case "more probable or less probable." Fed. R. Evid. 401.

The Government is alleging an insider trading scheme based *exclusively* on the misappropriation of UBS Inside Information that allegedly formed the basis for Mr. Contorinis's trades. To establish the substantive counts of the Indictment, the Government must prove, among other things, that: (1) Stephanou owed a duty of trust and confidence to UBS and its clients; (2) Stephanou misappropriated the UBS Inside Information in violation of that duty; (3) Stephanou shared that UBS Inside Information with Mr. Contorinis; (4) Mr. Contorinis knew that Stephanou had obtained that UBS Inside Information in breach of a duty of trust and confidence; and (5) Mr. Contorinis purchased or sold securities based on that UBS Inside Information. *See, e.g., SEC v. Svoboda*, 409 F. Supp. 2d 331, 340-41 (S.D.N.Y. 2006); *SEC v. Gonzalez de Castilla*, 184 F. Supp. 2d 365, 374-75 (S.D.N.Y. 2002). Additionally, to prove the conspiracy count, the Government must establish, among other things, that: (1) Messrs. Contorinis and Stephanou entered into an agreement to engage in insider trading based on the UBS Inside Information; (2) Mr. Contorinis knowingly and willfully became a member of that conspiracy; and (3) either Stephanou or Mr. Contorinis knowingly committed at least one overt

---

expect to receive the relevant portions of the proffer statements from the Government early next week.

act in furtherance of the conspiracy. *See, e.g., United States* v. *Monaco*, 194 F.3d 381, 386 (2d Cir. 1999).

Evidence of alleged "inside information" that Stephanou may have obtained from sources outside of UBS (including, for example, Mr. Chakrapani) bears no relevance whatsoever to any of the elements of the charged offenses. Thus, the proffered evidence does not tend to prove or disprove:

- Whether Stephanou owed a duty to UBS and its clients;
- Whether Stephanou misappropriated confidential information from UBS or its clients;
- Whether Stephanou shared any misappropriated UBS information with Mr. Contorinis;
- Whether Mr. Contorinis was aware that any information received from Stephanou had been obtained in breach of a duty owed by Stephanou to UBS;
- Whether Mr. Contorinis purchased or sold securities based on the information that Stephanou had misappropriated from UBS or its clients;
- Whether Mr. Contorinis agreed with Stephanou to enter into the charged conspiracy;
- Whether Mr. Contorinis knowingly and willfully became a member of that conspiracy; or
- Whether a conspirator took steps in furtherance of the charged conspiracy.

Because evidence of inside information allegedly misappropriated from a third party, such as Ramesh Chakrapani, is not relevant to any element of the crimes charged here, it should be excluded.

II. **EVEN IF MARGINALLY RELEVANT, EVIDENCE OF THE BLACKSTONE INFORMATION IS UNFAIRLY PREJUDICIAL, AND WILL RESULT IN CONFUSION, DELAY AND A WASTE OF TIME AND RESOURCES.**

Even if the Court were to find that the proffered Blackstone evidence had some marginal relevance to the crimes charged in the Indictment, that evidence should still be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; *see United States* v. *Royer*, 549 F.3d 886, 901 (2d Cir. 2008); *Arlio* v. *Lively*, 474 F.3d 46, 53 (2d Cir. 2007).

Permitting the Government to introduce evidence concerning Mr. Chakrapani and information he learned from Blackstone will inevitably confuse and mislead the jury.[3] If this motion is not granted, the defense will be forced to explore, among other things, whether Mr. Chakrapani in fact owed any duty to his employer or its clients; whether that duty was breached; whether Mr. Chakrapani told Stephanou that the duty had been breached; whether Stephanou told Mr. Contorinis that the information was obtained in breach of a duty; and whether the information transmitted was in fact material and non-public.

The exploration of these and other issues—even assuming it could be done—would inevitably confuse and mislead the jury, and cause undue and unnecessary delay without any corresponding benefit in terms of probative, relevant evidence.

---

[3] Indeed, allowing presentation of this evidence at trial risks that Mr. Contorinis will be convicted based on a charge not contained in the Indictment—a risk that even any notice provided by the Bill of Particulars could not cure. *Cf. United States* v. *Pope*, 189 F. Supp. 12, 26 (S.D.N.Y. 1960) (striking surplusage from the indictment where the language might "result in depriving a defendant of . . . his constitutional right to be accused of a felony offense only on the basis of a grand jury indictment," and holding that the notice provided by the Bill of Particulars did not cure this risk because it could still allow the government to proceed on charges that went beyond the grand jury's accusations).

5

## CONCLUSION

For the foregoing reasons, Mr. Contorinis respectfully requests that this Court grant his motion *in limine* and preclude the Government's introduction of, reliance upon or reference at trial to any "inside information" purportedly obtained by Stephanou from sources other than UBS, and, in particular, information allegedly received from Ramesh Chakrapani.

Dated:  August 27, 2010
        New York, New York

                        Respectfully submitted,

                        PAUL, WEISS, RIFKIND, WHARTON &
                        GARRISON LLP

                        By:  ____s/ Roberto Finzi_____
                              Theodore V. Wells, Jr.
                                  twells@paulweiss.com
                              Mark F. Pomerantz
                                  mpomerantz@paulweiss.com
                              Roberto Finzi
                                  rfinzi@paulweiss.com
                              Farrah R. Berse
                                  fberse@paulweiss.com

                        1285 Avenue of the Americas
                        New York, New York 10019-6064
                        T: 212-373-3000
                        F: 212-757-3990

                        *Attorneys for Defendant Joseph Contorinis*