

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York   10007*

March 3, 2014

BY E-MAIL & ECF
The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States Courthouse
New York, New York 10007

> **Re: United States v. Joseph Contorinis,**
> **09 Cr. 1083 (RJS)**

Dear Judge Sullivan:

    The parties to the above-referenced case respectfully submit this joint letter in connection with the Court's order of February 29, 2014, directing the parties to set forth their views as to what steps should be taken with respect to resentencing in light of the Second Circuit's affirmance in SEC v. Contorinis, No. 12-1273-cv, of this Court's decision in the related civil action, in which the Court imposed, among other penalties, disgorgement in the amount of $7,260,604.

    When the parties last appeared before the Court for resentencing, the Court indicated that it would adjourn the proceedings so that it might consider, in imposing a fine, the amount of disgorgement owed by the defendant following a decision on his appeal in the civil action.  While the Government appreciates that the affirmance by the Court of Appeals is likely the last word as to the matter of the disgorgement, it is the Government's understanding that the defendant intends to seek rehearing en banc and, failing that, to seek certiorari.  Accordingly, the Government believes that the Court's original purpose in adjourning sentencing to await the outcome of the appellate process would be better served by further adjourning sentencing until the defendant has exhausted or waived his additional

Hon. Richard J. Sullivan	-2-	March 3, 2014

appellate remedies.  Otherwise, the Government submits, should the disgorgement order be, however unexpectedly, overturned, there will be no way for the Court to address the effective windfall to Contorinis that would result if the disgorgement order were vacated and no fine had been imposed.

The Government further submits respectfully that, should the defendant wish that the Court consider the disgorgement order in fashioning sentence, the defendant should waive any right he may have to a speedy re-sentencing, given that he will not be prejudiced and in fact will benefit from this delay, inasmuch as the Court will offset the criminal fine to account for the disgorgement.

Defendant agrees with the Court that there is "no reason to impose an additional fine as part of the Defendant's re-sentencing in this matter" and respectfully objects to the Government's request for a further postponement of the re-sentencing.  Mr. Contorinis submits that he was sentenced to (and has been serving) a long period of incarceration; has agreed to a substantial order of forfeiture; is subject to a $ 1 million dollar fine in the related S.E.C. action; and faces a disgorgement order of nearly $10 million that has been affirmed by the Court of Appeals.  In such circumstances, defendant respectfully submits that the sentence to be imposed is more than sufficient to meet the goals of sentencing regardless of the outcome of any further appeal of the disgorgement order, and that the interests of finality support the imposition of a sentence at this time.

Should the Court decide to proceed with re-sentencing at this time, both the Government and the defendant consent to and waive any right to be present for the entry at this time of an amended judgment that contains the agreed-upon order of forfeiture and no fine.

    Respectfully submitted,

    PREET BHARARA
    United States Attorney

    By: /s/ Harry A. Chernoff
    Harry A. Chernoff
    Assistant U.S. Attorney
    (212) 637-2481

Hon. Richard J. Sullivan               -3-                    March 3, 2014


cc:    Roberto Finzi, Esq. (via email)
       Farrah R. Berse, Esq. (via email)